# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ, | CASE NO. 1:11-CV-00293-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| v. | CERTAIN CLAIMS AND DEFENDANTS |
| KATHLEEN ALLISON, et al., | (DOC. 9) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.      Background**

Plaintiff Ronald F. Martinez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on February 18, 2011.  Doc. 1.  On September 20, 2011, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B)(ii).  Doc. 8.  Plaintiff stated claims against certain Defendants.  Plaintiff was provided the opportunity to either file a first amended complaint or to notify the Court that he wished to proceed only on the claims found to be cognizable.  On September 30, 2011, Plaintiff filed his first amended complaint.  Doc. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.    Summary Of First Amended Complaint

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff names as Defendants: Kathleen Allison, acting warden of CSATF; Kent Clark, former warden of CSATF; D. Foston, chief of the inmate appeals branch; D. Artis, appeals examiner in the appeals branch; A. Hernandez, associate warden at SATF; T. Wan, S. Sherman, and R. Diaz, chief deputy wardens at CSATF; F. Vasquez, C facility captain at CSATF; R. Tolsen and B. Peterson, captains at CSATF; D. Goss, C. Moreno, and O. Ybarra, lieutenants; M. Bejarano and C. Garza, sergeants at CSATF; R. Gomez, appeals coordinator at CSATF; Matthew Cate, secretary of CDCR; Scott Kernan, undersecretary of CDCR; and Teri McDonald, chief deputy secretary for adult operations of CDCR.

Plaintiff alleges the following.  Plaintiff requests declaratory relief, compensatory and punitive damages, appointment of counsel, every Defendant found to have violated Plaintiff's rights to be fired, and costs of suit.

///

///

**A.      Eighth Amendment - Conditions of Confinement**

     **1.      Allegations**

On June 21, 2009, C facility was placed on lockdown because of a riot between southern and northern Hispanics. First Am. Compl. ¶ 5. Plaintiff is classified as southern Hispanic because he is Mexican and living in Los Angeles at the time of his conviction. *Id.* On June 26, 2009, Defendant F. Vasquez prepared a program status report ("PSR"), placing the entire C facility on modified program pending completion of facility search and inmate interviews. *Id.* ¶ 6. On or about June 26, 2009, this PSR was approved by Defendants Allison and Clark. *Id.* ¶ 7. Southern and northern Hispanics allegedly involved in the riot were placed in administrative segregation unit ("ASU"), and seven to ten days later, Defendants Clark and Allison permitted the segregated southern and northern Hispanic inmates to receive 10 hours a week of exercise. *Id.* ¶ 8.

Modified program entailed unclothed body search prior to exiting the cell and a metal detector wand. *Id.* ¶ 9. All escorts are in restraints, handcuffs, and/or waist chains, and no visits, canteen, packages, work/education assignments, out-of-cell religious services, no access to the law library (except for "verified" court filing deadlines), three five-minute showers a week, and no out-of-cell exercise and sunshine caused by Defendants' refusal to utilize the concrete yards. *Id.* After one week, inmates placed in ASU were allowed more than 10 hours a week of outdoor exercise, while southern and northern Hispanic inmates who remained in C facility, including Plaintiff, were deprived of out-of-cell exercise and sunshine because of the modified programs. *Id.* ¶ 10.

From June 26, 2009 to October 13, 2010, when Plaintiff was transferred, Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, and Does 1 through 5 prepared PSRs denying Plaintiff and southern and northern Hispanics access to the concrete yards. *Id.* ¶ 11. Defendants Clark, Allison, Wan, R. Diaz, S. Sherman, and Does 6 through 10 approved these PSRs. *Id.* As a result of these PSRs, Defendants deprived Plaintiff of out-of-cell exercise and sunshine for 16 months. *Id.* Defendants failed to prevent physical and psychological suffering to Plaintiff. *Id.*

1  PSR parts A and C are confidential.  *Id.* ¶ 12A.  Part A includes the area affected by the
2  modified program, inmates affected (the race/ethnicity), the reason for the modified program, and
3  an estimated return date to normal program.  *Id.*  Defendants preparing the weekly PSRs are to
4  notify Defendants S. Kernan and T. McDonald whether CSATF was providing Plaintiff and other
5  modified program inmates with access to the concrete yards.  *Id.*

6  Defendant S. Kernan is responsible for the operation of all prison facilities, and reviews
7  and approves decisions by individual prisons to impose and maintain lockdowns.  *Id.* ¶12B.
8  Defendant T. McDonald is responsible for the operation of all prison facilities.  *Id.* ¶ 12C,
9  Defendant M. Cate is responsible for the operation of all prison facilities, including lockdown
10 policies.  *Id.* ¶ 12D.

11 In July 2009, Defendant correctional officers completed facility searches and inmate
12 interviews relating to the riot.  *Id.* ¶ 13.  Plaintiff filed a group 602 grievance, complaining of the
13 deprivation of out-of-cell exercise at the concrete yards, and requesting 1.5 hours a day until a
14 return to normal program.  *Id.*  On August 8, 2009, Defendant C. Garza denied the grievance,
15 finding that it would triple the length of the modified program if the prison officials deviated
16 from the PSR, and cause tension and unrest.  *Id.* ¶ 13A.  Plaintiff appealed his grievance to the
17 first level of review on August 12, 2009.  *Id.* ¶ 14.  On August 23, 2009, Defendant D. Goss
18 conducted the formal level interview.  *Id.* ¶ 15.  Plaintiff contended that Pelican Bay State Prison
19 and California State Prison - Sacramento provided their prisoners access to the concrete yards
20 during modified programs.  *Id.*

21 On August 23, 2009, Defendants Goss and Wan denied Plaintiff's grievance, finding that
22 there was not enough staff in C facility to monitor inmates in the concrete yard and still keep the
23 current modified program.  *Id.* ¶ 16.  On September 9, 2009, Plaintiff appealed his grievance to
24 the second level of review.  *Id.* ¶ 17.  Plaintiff contends that lack of prison resources is not
25 adequate reason to deny Plaintiff out-of-cell exercise via access to the concrete yard.  *Id.*
26 Plaintiff contends that there are typically two correctional officers assigned to the control booth
27 towers which are more than sufficient to monitor a group of inmates in the concrete yard.  *Id.* ¶
28 17A.  Plaintiff contends that during third watch, only one correctional officer is assigned to the

4

control booth, and the correctional officer is able to run the showers, dayroom activities, telephone calls, haircuts, nine porters in three sections, and open and close all cell doors. *Id.* ¶ 17B.

On October 6, 2009, Defendant Allison denied Plaintiff's grievance at the second level of review. *Id.* ¶ 18. Defendant found that white, black, and Hispanic inmates in facility C were not approved for recreational activities because of the modified program, and that CSATF would not promote segregation of inmates in the concrete exercise yards. *Id.* On October 15, 2009, Plaintiff appealed his grievance to the Director's level of review, contending that no racial segregation was necessary, and that white and black inmates could access the concrete yards with Hispanic inmates. Id. ¶ 19. Plaintiff also contends that concerns of segregation were not evident when southern Hispanic, northern Hispanic, white, and black inmates were segregated by race for medical escorts, law library access, and facility block searches. *Id.*

On April 1, 2010, Defendant D. Artis denied Plaintiff's grievance at the Director's level of review, relying on information that C facility northern and southern Hispanics continued to engage in violence, thus requiring the continued modified program. *Id.* ¶¶ 23-24. Plaintiff contends that the violence occurred as a result of setups by prison officials for allowing northern and southern Hispanics to interact with each other. *Id.* ¶¶ 25-26. Plaintiff alleges that he suffered muscle cramps, stress, migraine headaches, constipation, back pain, photophobia, lethargy, revenge fantasies, and thoughts of suicide as a result of the deprivation of exercise. *Id.* ¶ 27.

**2.    Analysis**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials

knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128. "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), *amended by* 135 F.3d 1318 (9th Cir. 1998).

At the pleading stage, Plaintiff has stated a cognizable claim for relief against Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, Clark, Allison, R. Diaz, S. Sherman, and Does 1 through 10 for deliberate indifference in violation of the Eighth Amendment for deprivation of outdoor exercise.

Plaintiff fails to state a claim against Defendants McDonald, Kernan, and Cate. Plaintiff fails to allege any facts which demonstrate that any of these supervisory officials knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Under § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.* at 1948-49. Plaintiff's allegations against Defendants McDonald, Kernan, and Cate amount at most to *respondeat superior* liability, which is not cognizable under § 1983.

**B.     Equal Protection**

    **1.     Allegations**

Between June 26, 2009, through October 2010, Defendants Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, and Does 1 through 10 prepared and approved PSRs

6

that subjected Plaintiff to severe restrictions based solely on Plaintiff's race as a southern Hispanic. First Am. Compl. ¶ 29. Defendants Cate, Kernan, and McDonald were responsible for the operation of all prison facilities, including lockdown and modified program policies and practices. *Id.* ¶ 31. It is CDCR's policy that any incident involving race, all inmates of that race are locked up. *Id.* CSATF Defendants enforced Defendants Cate, Kernan, and McDonald's racially discriminatory policies. *Id.* ¶ 31A. Plaintiff was not involved in the riot on June 21, 2009, or any subsequent incidents between northern and southern Hispanics. *Id.* ¶ 32. Plaintiff complains that no individualized review was done to determine whether an inmate was an actual threat to the safety and security of the prison. *Id.* ¶ 33. On May 2010, prison officials at SATF removed all the northern Hispanics inmates from the lower yard (blocks 1-4) and placed them all on the upper yard in blocks 6 and 8. *Id.* ¶ 34. Plaintiff thus contends that continuing the modified program for lower yard, where Plaintiff was housed, was not rational because no northern Hispanics were housed there. *Id.*

On June 24, 2010, Plaintiff filed a group 602 inmate grievance, complaining that he was on modified program because of race and not disruptive behavior, and requesting reinstatement of previous privileges. *Id.* ¶ 35. On July 22, 2010, Defendants Moreno and A. Hernandez denied Plaintiff's grievance, finding that until a determination can be made that northern and southern Hispanic inmates can program safely, the modified program will continue. *Id.* ¶ 37. On August 8, 2010, Plaintiff appealed to the second level of review, contending that there was no safety and security concerns remaining to justify the continued modified program, and that prison officials were merely further punishing the inmates. *Id.* ¶ 38. On August 31, 2010, Defendants Gomez and Allison denied Plaintiff's grievance, citing to other incidents that occurred after the June 21, 2009 riot as justification for the continued modified program. *Id.* ¶ 39. On September 26, 2010, Plaintiff appealed his grievance to the Director's level of review. *Id.* ¶ 43.

On October 13, 2010, Plaintiff was transferred to Centinela State Prison. *Id.* ¶ 44. On December 28, 2010, Defendants Artis and non-Defendant M. Hodges, on behalf of Defendant Foston, issued their response, denying Plaintiff's grievance on the grounds provided by Defendants Allison and Gomez. *Id.* ¶ 45.

### 2. Analysis

The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's me mbership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted); *see Iqbal*, 129 S. Ct. at 1949-50.

At the pleading stage, Plaintiff states a cognizable claim for relief against Defendants Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, A. Hernandez, Gomez, and Does 1 through 10 for violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff fails to state a claim against Defendants Artis and Foston. Plaintiff had been transferred to another prison by the time he received the Director's level review. Thus, Plaintiff has failed to demonstrate that Defendants Artis and Foston caused a violation of Plaintiff's rights under the Equal Protection Clause. *Johnson v. Duffy*, 588 F.2d 749, 743 (9th Cir. 1978). Plaintiff fails to state a claim against Defendants McDonald, Kernan, and Cate. Plaintiff alleges at most *respondeat superior* liability, which is not cognizable under § 1983.[1]

### IV. Conclusion And Recommendation

Plaintiff states the following cognizable claims: 1) Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, Clark, Allison, R. Diaz, S. Sherman, and Does 1 through 10 for

---

[1] Plaintiff names Defendants O. Ybarra, M. Bejerano, and D. Goss, However, Plaintiff fails to link any of these Defendants to an act or omission that violated Plaintiff's constitutional or federal rights. *Johnson*, 588 F.2d at 743. Plaintiff thus fails to state a claim against them.

deliberate indifference in violation of the Eighth Amendment for deprivation of exercise; and 2) Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, A. Hernandez, Gomez, and Does 1 through 10 for violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff fails to state a claim against Defendants O. Ybarra, M. Bejerano, D. Goss, Cate, Kernan, McDonald, Artis, and Foston.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against 1) Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, Clark, Allison, R. Diaz, S. Sherman, and Does 1 through 10 for deliberate indifference in violation of the Eighth Amendment for deprivation of exercise and 2) Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, A. Hernandez, Gomez, and Does 1 through 10 for violation of the Equal Protection Clause of the Fourteenth Amendment; and

2. Defendants O. Ybarra, M. Bejerano, D. Goss, Cate, Kernan, McDonald, Artis, and Foston be dismissed from this action for failure to state a claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 11, 2012**              /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE