UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RONALD F. MARTINEZ, | Case No. 1:11-cv-00293-LJO-DLB PC |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL** |
| v. | |
| KATHLEEN ALLISON, et al., | ECF Nos. 31, 40 |
| Defendants. | |

**I.     Background**

Plaintiff Ronald F. Martinez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against 1) Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, Clark, Allison, R. Diaz, S. Sherman, and Does 1 through 10 for deliberate indifference in violation of the Eighth Amendment for deprivation of exercise and 2) Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, A. Hernandez, Gomez, and Does 1 through 10 for violation of the Equal Protection Clause of the Fourteenth Amendment.

On November 19, 2012, and January 7, 2013, Plaintiff filed motions to compel. ECF Nos. 31, 40. On December 10, 2012, and January 25, 2013, Defendants filed their opposition. ECF Nos. 34, 43. On January 9, 2013 and February 8, 2013, Plaintiff filed his reply. ECF Nos. 41, 46. The matter is submitted pursuant to Local Rule 230(l).

1

## II. November 19, 2012 Motion to Compel

Plaintiff moves to compel the production of documents in response to his request for production of documents, set one.[1] In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested, or state an objection, including the reasons. *Id.* 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As the Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the

---

[1] Plaintiff refers only to Requests 6-8, 12-15, and 17-25 in his motion.

Inspector General, and as provided by applicable federal and state law.").

**Request No. 6**:

"Please produce the documents from CDCR relating to the use of color-coded bed cards in prison control booth tower/housing unit office's depicting inmate's race/ethnicity."

Response:

"Objection. The request is overly broad, and vague and ambiguous with respect to the terms "the documents from CDCR," "relating to the use of color-coded bed cards," and "depicting inmate's race/ethnicity." In addition, the request calls for information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendants further object that the request is unduly burdensome in that it would cause them to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue in this case. Without waiving these objections, Defendants respond as follows:

Defendants are not aware of, and do not have in their possession, custody, or control, any documents responsive to this request."

Analysis:

Plaintiff contends that the request is highly relevant because the classification of inmates by their "disruptive group" is the basis of Plaintiff's claim. However, Defendants contend that they are not aware of any documents that pertain to Plaintiff's request.

The requested documents would be reasonably calculated to lead to the discovery of admissible evidence. However, Defendants cannot be compelled to produce documents of which they are unaware. Thus, Plaintiff's motion to compel further response to Request for Production of Documents No. 6 is denied.[2]

**Request No. 7**:

"Please produce the documents dated between June 2009, through October 2010, instructing 'C' facility officials/staff to place color-coded card(s) above each cell depicting an inmate's race/ethnicity."

---

[2] All parties remain under the obligation to supplement their discovery responses if the responding party learns that a response was incomplete or incorrect, and such information has not been otherwise made known to the other party. Fed. R. Civ. P. 26(e).

Response:

"Objection. The request is vague and ambiguous with respect to the specific documents requested. In addition, the request calls for information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendants further object that the request is unduly burdensome in that it would cause them to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue in this case. Without waiving these objections, Defendants respond as follows:

Defendants are not aware of, and do not have in their possession, custody, or control, any documents responsive to this request."

Analysis:

The requested documents would be reasonably calculated to lead to the discovery of admissible evidence. However, Defendants cannot be compelled to produce documents of which they are unaware. Thus, Plaintiff's motion to compel further response to Request for Production of Documents No. 7 is denied.

**Request No. 8**:

"Please produce the documents from CDCR, SATF, and/or the California Correctional Peace Officer Association (CCPOA) authorizing, permitting correctional officer's to have BAR-B-Q's, pot luck's, etc., during assigned work watches, duties."

Response:

"Defendants object that this request is compound, and overly broad in time and scope. In addition, the request calls for information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendants further object that the request is unduly burdensome in that it would cause them to incur substantial expense searching for documents that are irrelevant, or only marginally relevant, to the claims at issue in this case. Without waiving these objections, Defendants respond as follows:

Defendants are not aware of, and do not have in their possession, custody, or control, any documents responsive to this request."

Analysis:

The requested documents would be reasonably calculated to lead to the discovery of admissible evidence. However, Defendants cannot be compelled to produce documents of which they are unaware. Thus, Plaintiff's motion to compel further response to Request for Production of Documents No. 8 is denied.

**Request No. 12**:

"Please produce the documents dated in or about June 2010, instructing 'C' facility officials to relocate/rehouse Northern Hispanic inmates from the lower yard (blocks 1-4) to the upper yard (blocks 5-8)."

Response:

"Defendants object on the grounds that the request seeks confidential information protected from disclosure by Title 15 of the California Code of regulations, §§ 3321(a) and 3450(d); California Government Code § 6254(c) and (f); California Penal Code §§ 832.7 and 6126.3; and California Evidence Code §§ 1040, 1043, and 1045; as well as the self-critical analysis privilege; the official-information privilege; and the deliberative-process privilege. Without waiving these objections, Defendants respond as follows:

After a diligent search, Defendants were unable to locate any relevant, non-privileged documents responsive to this request."

Analysis:

The requested documents would be reasonably calculated to lead to the discovery of admissible evidence. However, Defendants cannot be compelled to produce documents that they cannot locate after a diligent search. However, it is not clear from Defendants' response whether they were unable to locate documents or they located documents, which they contend are privileged. Thus, Defendants shall supplement their response to clarify this ambiguity and if documents are withheld based upon the assertion of a privilege they shall produce a privilege log. Plaintiff's motion to compel further response to Request for Production of Documents No. 12 is Granted.

**Request No. 13**:

"Please produce the documents of the 'incident report(s)' for the incident of August 18, 2009, between Northern and Southern Hispanic inmates.

5

Please include the 'incident report' for each inmate and the 'serious rule violation report(s)' for each inmate, see pl.'s 602 log no. SATF-C-10-0234 (racial discrimination 602), p. 9-10 at ex. A attached.)"

Response:

"Defendants object on the grounds that the request seeks information pertaining to persons who are not parties to this action, and such information is protected by the privacy rights of those persons under federal and state law. Defendants object on the grounds that the request seeks confidential information protected from disclosure by Title 15 of the California Code of regulations, §§ 3321(a) and 3450(d); California Government Code § 6254(c) and (f); California Penal Code §§ 832.7 and 6126.3; and California Evidence Code §§ 1040, 1043, and 1045; as well as the self-critical analysis privilege; the official-information privilege; and the deliberative-process privilege. Without waiving these objections, Defendants respond as follows:

Defendants will produce relevant, non-privileged portions of the incident report requested."

Analysis:

Plaintiff contends that the Rules Violation Reports related to the incident are relevant to oppose Defendants' likely argument that the modified program was in furtherance of legitimate penological concerns. Plaintiff contends that these incidents were orchestrated by prison officials to continue the modified programs.

The requested documents would be reasonably calculated to lead to the discovery of admissible evidence. However, Defendants contend that the production of privileged documents would endanger the welfare of other inmates and prison staff, and "likely chill the flow of investigative information provided by witnesses, victims, and informants in the future." Defendants request that if they are required to produce additional documents that they be permitted to redact the names and identification of individuals who are non-parties.

Federal common law recognizes a qualified privilege for official information. *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). In determining what level of protection should be afforded by the official-information privilege, courts conduct a case by case balancing, in which the interests of the party seeking discovery are weighed against the interests of

6

the governmental entity asserting the privilege. *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995).

Plaintiff's motion to compel further response from Defendants is granted. The Court finds that the Rules Violation Reports concerning the inmates involved in this incident should be produced, as they are reasonably calculated to lead to the discovery of admissible evidence. Defendants are permitted to redact the names and identification of individuals who are non-parties.

**Request No. 14**:

"Please produce the documents of the 'incident report(s)' for the incident of October 16, 2009, between Northern and Southern Hispanic inmates.*

*Please include the 'incident report' for each inmate and the 'serious rule violation report(s)' for each inmate (see Pl.'s 602 log no. SATF-C-10-02434 (racial discrimination 602), p. 9-10 at ex. A attached.)"

Response:

"Defendants object on the grounds that the request seeks information pertaining to persons who are not parties to this action, and such information is protected by the privacy rights of those persons under federal and state law. Defendants object on the grounds that the request seeks confidential information protected from disclosure by Title 15 of the California Code of regulations, §§ 3321(a) and 3450(d); California Government Code § 6254(c) and (f); California Penal Code §§ 832.7 and 6126.3; and California Evidence Code §§ 1040, 1043, and 1045; as well as the self-critical analysis privilege; the official-information privilege; and the deliberative-process privilege. Without waiving these objections, Defendants respond as follows:

Defendants will produce relevant, non-privileged portions of the incident report requested."

Analysis:

For the reasons set forth in Request No. 13, Plaintiff's motion to compel further response from Defendants is granted. The Court finds that the Rules Violation Reports concerning the inmates involved in this incident should be produced, as they are reasonably calculated to lead to the discovery of admissible evidence. Defendants are permitted to redact the names and identification of individuals who are non-parties.

**Request No. 15**:

"Please produce the documents of the 'incident report(s)' for the incident of November 14, 2009, between Northern and Southern Hispanic inmates.*

*Please include the 'incident report' for each inmate and the 'serious rule violation report(s)' for each inmate (see Pl.'s 602 log no. SATF-C-10-02434 (racial discrimination 602), p. 9-10 at ex. A attached.)"

Response:

"Defendants object on the grounds that the request seeks information pertaining to persons who are not parties to this action, and such information is protected by the privacy rights of those persons under federal and state law. Defendants object on the grounds that the request seeks confidential information protected from disclosure by Title 15 of the California Code of regulations, §§ 3321(a) and 3450(d); California Government Code § 6254(c) and (f); California Penal Code §§ 832.7 and 6126.3; and California Evidence Code §§ 1040, 1043, and 1045; as well as the self-critical analysis privilege; the official-information privilege; and the deliberative-process privilege. Without waiving these objections, Defendants respond as follows:

Defendants will produce relevant, non-privileged portions of the incident report requested."

Analysis:

For the reasons set forth in Request No. 13, Plaintiff's motion to compel further response from Defendants is granted. The Court finds that the Rules Violation Reports concerning the inmates involved in this incident should be produced, as they are reasonably calculated to lead to the discovery of admissible evidence. Defendants are permitted to redact the names and identification of individuals who are non-parties.

**Request No. 17**:

Plaintiff has withdrawn his Request.

**Request Nos. 18, 19, 20, 21, 22, 23, 24, 25**

Plaintiff requests photographs of various areas in the prison.

Response:

"Defendants object that the request is vague and ambiguous. In addition to the extent that

Plaintiff is asking Defendants to produce a photo not already in existence, this request is inappropriate. The Federal Rules of Civil Procedure do not require Defendants to conduct Plaintiff's investigation for him. Without waiving these objections, Defendants respond as follows: Defendants do not have in their possession, custody, or control any photos responsive to this request."

Analysis:

Defendants are required to produce documents that are in their possession, custody, or control. However, Defendants are not required to produce documents that are not already in existence. *Ascom Hasler Mailing Systems, Inc. v. U.S. Postal Service*, 267 F.R.D. 1, 8 (D.D.C. 2010); *Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 512 (W.D. Pa. 1983). Absent a showing that these photographs already exist and are in Defendants' possession, custody, or control, Plaintiff's motion to compel further response to Request Nos. 18 through 25 is denied.

**III.    January 7, 2013 Motion to Compel**

Plaintiff moves to compel further response to Request for Production No. 1 of Set Three.

Request:

"Please produce the document of CSATF/STATE PRISON C facility institutional policy regarding the concrete yard(s) are not used for general population inmates programming. (Please refer to defendant K. Clark response to interrogatory no. 5."

Response:

Objection. The request is vague and ambiguous with respect to the 'institutional policy' at issue. In addition, the request assumes facts not in evidence; namely, that any such documents exist. Without waiving this objection, Defendants respond as follows:

From the time the California Substance Abuse Treatment Facility (SATF) opened in 1997, to present, Facility C's concrete yards have not been used for exercise or any other program purposes with general population inmates. They have only been used for programming with the Administrative Segregation overflow inmates housed in Facility C's Building 8. This practice has been observed consistently at SATF since 1997, but has not been codified in written policy. Thus, Defendants are not in possession of any responsive documents.

Analysis:

Defendants are required to produce documents that are in their possession, custody, or control.  However, Defendants are not required to produce documents that are not already in existence.  Plaintiff appears to believe that because Defendant Clark described an "institutional policy" of not programming the Facility C concrete yards for general population inmates in response to Interrogatory No. 5, that such policy was written.  Defendants have maintained, however, that it was not written, merely observed.  Plaintiff has provided no showing that such policy was ever written.   It is very possible to have institutional policies that have not been codified in written form.  Additionally, it is unclear why Plaintiff would need such policy in written form, as he already possesses Defendant Clark's response to Plaintiff's interrogatory.   Accordingly, Plaintiff's motion to compel, filed January 7, 2013 will be denied.

## IV. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's November 19, 2012 motion to compel is granted in part and denied in part;
2. Plaintiff's Requests for Production of Documents Nos. 12, 13, 14, and 15 of Set One is granted, as stated herein;
3. Defendants are required to produce further response to Requests Nos. 13 through 15, as stated herein, within thirty (30) days from the date of service of this order;
4. Plaintiff's Requests For Production of Documents Nos. 6, 7, 8, and 17 through 25, Set One, are denied; and
5. Plaintiff's January 7, 2013 motion to compel is denied.

IT IS SO ORDERED.

Dated:   **March 25, 2013**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE