# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00293-LJO-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER AS MOOT** (ECF No. 56)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br>(ECF No. 47)<br><br>DEFENDANTS' FURTHER RESPONSE DUE WITHIN THIRTY DAYS |

**I.　Background**

　　Plaintiff Ronald F. Martinez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against 1) Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, Clark, Allison, R. Diaz, S. Sherman, and Does 1 through 10 for deliberate indifference in violation of the Eighth Amendment for deprivation of exercise and 2) Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, A. Hernandez, Gomez, and Does 1 through 10 for violation of the Equal Protection Clause of the Fourteenth Amendment.

　　On February 15, 2013, Plaintiff filed a Motion to Compel. ECF No. 47. On March 6, 2013, Defendants filed their Opposition. ECF No. 49. On March 29, 2013, Plaintiff filed his Reply. ECF

1

No. 54.[1]  The matter is submitted pursuant to Local Rule 230(l).[2]

## II.    Request For Production of Documents

Plaintiff moves to compel the production of documents in response to his Request for Production of Documents, set five, No. 4.  In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a).  Responses must either state that inspection and related activities will be permitted as requested, or state an objection, including the reasons.  *Id.* 34(b)(2)(B).

Actual possession, custody or control is not required.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  As the Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.  A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative.  Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand.  Legal right is evaluated in the context of the facts of each case.  The determination of control is often fact specific.  Central to each case is the relationship between the party and the person or entity having actual possession of the document.  The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them.  This position of control is usually the result of statute, affiliation or employment.  Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney.  *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof

---

[1] Thought Plaintiff's Reply appears untimely, the Court has nonetheless considered it in resolving this discovery dispute.

[2] On May 3, 2013, Plaintiff filed a motion requesting a ruling on Plaintiff's February 15, 2013 Motion to Compel.  Plaintiff's motion is denied as moot.

shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

**Request No. 4**:

Please produce the documents, program status reports PART-B, during the complaint period, for California Substance Abuse Treatment Facility/State Prison (SATF) 'B' Facility.

Response:

> Defendants object that the request is overly broad, vague and ambiguous with respect to the term "the documents," and it calls for production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. To the extent that any responsive documents exist, Defendants further object that this request calls for information protected from disclosure by Title 15 of the California Code of Regulations, §§ 3321(a) and 3450(d); California Evidence Code, § 1040; and the official-information privilege. Without waiving these objections, Defendants respond as follows:
>
> Program status reports (PSRs) are initiated whenever an institution is placed on lockdown or modified programming. PSRs identify the event that precipitated the lockdown or modified program, the areas and inmates affected, and the type of program available to the effected inmates. PSRs also specify whether the affected inmates must be escorted, and whether they have access to the day room recreation yard, canteen, visits, and phone calls, among other privileges. Non-confidential portions of the PSRs are circulated to staff and the inmate population approximately once every 7-10 days until the institution or affected Facility returns to normal programming.
>
> At any given time, an institution (or a Facility within that institution) can be subject to lockdown or modified programming based on more than one precipitating event. Each event that warrants the lockdown or modified program is assigned a separate Program Status Number. Each of these Program Status Numbers is listed on the relevant Program Status Report for the affected Facility, along with details concerning the relevant precipitating events, and any facts pertinent to the return to normal programming.
>
> Insofar as this request seeks production of *all* PSRs issued for SATF's Facility B from June 21, 2009, to October 13, 2010, these documents include sensitive details concerning disturbances entirely unrelated to the events (i.e., the ongoing violence on Facility C) and inmate groups (i.e., inmates belonging to the Northern Hispanic and Southern Hispanic disruptive groups), at issue in this case. If Plaintiff will provide some additional detail concerning the specific Program Status Number he is seeking documentation for (or at least some facts describing the event(s) that precipitated the assignment of that number), as well as a short explanation of the event's relevance to this case, Defendants can search for and gather responsive materials.

Analysis:

> Plaintiff moves for further response, contending that the requested PSRs are for the complaint period previously produced. Plaintiff contends that based on an interrogatory response,

3

1  Defendants relied on an incident in January 21, 2010 between northern and southern Hispanics in B
2  Facility at California Substance Abuse Treatment Facility ("SATF") as justification for the
3  continued modified program in C Facility, where Plaintiff was incarcerated at the times relevant to
4  this action.  Pl.'s Mot. Compel 2-3.  Defendants contend that Plaintiff's request is overbroad as
5  currently listed, even with the explanation.  Plaintiff in his Reply clarifies the scope of his request as
6  incidents in B Facility on June 21, 2009, August 18, 2009, October 16, 2009, November 4, 2009,
7  January 21, 2010, and July 28, 2010.

8  The request is reasonably calculated to lead to the discovery of admissible evidence, as
9  modified by Plaintiff.  Plaintiff contends that the incidents in B Facility during the above periods
10 were exaggerated and relied upon to justify a modified program in C Facility.  Plaintiff further
11 contends that the B Facility incidents did not result in B Facility being placed on modified program,
12 thus undermining arguments that C Facility's modified program was reasonable.

13 Based on the foregoing, Plaintiff's Motion to Compel further response to Request for
14 Production of Documents No 4, Set Five, is granted.  Defendants will be ordered to produce the
15 following: "Produce the Program Status Reports, PART-B, for incidents between northern and
16 southern Hispanics on June 21, 2009, August 18, 2009, October 16, 2009, November 4, 2009,
17 January 21, 2010, and July 28, 2010, for California Substance Abuse Treatment Facility/State Prison
18 (SATF) 'B' Facility."  Defendants are permitted to redact any non-party's identification from the
19 produced documents.[3]

20 **III.    Requests For Admission**

21 Plaintiff moves to compel an amended answer to Requests for Admission Nos. 4, 7, and 13.
22 A party may serve on any other party a written request to admit, for purposes of the pending action,
23 the truth of any matters within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure.
24 Fed. R. Civ. P. 36(a)(1).  Federal Rule of Civil Procedure 36(a) requires one of three answers to a
25 request for admission: (1) an admission; (2) a denial; or (3) a statement detailing why the answering
26 party is unable to admit or deny the matter.  Fed. R. Civ. P. 36(a)(3); *see Asea, Inc. v. S. Pac.*
27 *Transp. Co.*, 669 F.2d 1242, 1245-46 (9th Cir. 1981). "The requesting party may move to determine

---

[3] It is unclear whether Defendants have already produced such documents for Plaintiff.  To the extent that documents responsive to the request have not been produced, Defendants will be required to produce them.

4

the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). Only if an objection is not justified will the court order that an answer be served. *Id.*

"A party which fails to admit or deny a proper request does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made reasonable inquiry or if information readily obtainable is sufficient to enable him to admit or deny the matter." *Asea, Inc.*, 669 F.2d at 1247 (citing Fed. R. Civ. P. 36(a)).

**Request No. 4**:

>Admit, that approximately ten (10) days after being placed in one of SATF administrative segregation units, the Southern and Northern Hispanic inmates allegedly involved in the incident(s) of June 21, 2009, August 18, 2009, October 16, 2009, November 4, 2009, and July 27, 2010, were immediately provided outdoor/out-of-cell exercise for five (5) to ten (10) hour or more a week mandated by CCR § 3331(h) as "disciplinary" inmates.

Response:

>Objection. This request is compound, and vague and ambiguous with respect to the specific "Southern and Northern Hispanic inmates" at issue, as well as the "incident(s)" in question. It also calls for speculation with respect to the specific inmates in question. The request is similarly vague and ambiguous in terms of scope; it is unclear whether the request can be answered only if *all* Southern and Northern Hispanic inmates involved in the "incident(s)" at issue were allowed outdoor recreation for the time posited, or whether the request can be answered if only some, but not all, individuals within the control group were allowed out-of-cell exercise for the time described. Without waiving these objections, Wan lacks sufficient information or belief with which to either admit or deny this request, and on that basis, denies the request.[4]

Analysis:

Plaintiff contends that his request is not compound, vague or ambiguous as to the specific southern and northern Hispanics at issue in the request. Defendants contend that the request is too convoluted and contains too many parts to respond properly. The Court agrees with Defendants. Plaintiff's Request for Admission No. 4 contains multiple parts, and requests the Defendant to admit or deny that an unspecified number of southern and northern Hispanics who were involved in one or several of the incidents received outdoor exercise of 5 to 10 hours per week, as required by the California Code of Regulations. The purpose of requests for admissions is "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea,*

---

[4] All Defendants provided a similar response. Defendant Wan's responses are used as illustrative of Defendants' responses.

*Inc.*, 669 F.2d at 1245. Thus, requests for admissions are not principally discovery devices. *Safeco of Am. v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998). Additionally, "as a general matter, requests for admissions deal with discrete or separate subjects." *Id.* at 446.

Based on the foregoing, Plaintiff's Motion to Compel further answer to Request For Admission No. 4 is denied.

**Request No. 7**:

> Admit, that you were aware of the potential consequences of a substantial risk of serious harm to Plaintiff's mental and physical health by depriving him of outdoor/out-of-cell exercise for an uninterrupted 16 months during the complaint period.

Response:

> Wan objects that this request assumes facts not in evidence; namely, that Wan was personally responsible for depriving Plaintiff of outdoor/out-of-cell exercise for an uninterrupted 16 month period. In addition, the interrogatory is compound, and vague and ambiguous with respect to the terms "potential consequences," and "substantial risk of serious harm to Plaintiff's mental and physical health." Because the request is couched in uncertain terms, Wan is unable to respond, and on that basis, denies this request.

Analysis:

Plaintiff contends that the parties are not in the process of a trial. Defendants object that Plaintiff assumes Defendants were personally responsible for the deprivation, which assumes facts not in evidence. "Assuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing. This, however, is discovery." *Garcia v. Clark*, No. 1:10-cv-00447-LJO-DLB PC, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012).

Plaintiff's request is not vague as to the terms "potential consequences" and "substantial risk of serious harm to Plaintiff's mental and physical health." The former term refers to consequences potentially occurring from a denial of outdoor/out-of-cell exercise for a period of sixteen months, and the latter refers to the risk of serious harm to Plaintiff's health. Defendants' contention that they are unable to respond because of the uncertain terms is not a justified objection. Plaintiff's Motion to Compel further answer to Request for Admission No. 7 is granted.

**Request No. 13**:

> Admit, Plaintiff was NOT involved in any of the incident(s) between Southern and Northern Hispanic inmates.

Response:

>Wan objects that the request is vague and ambiguous with respect to time and place, as well as with respect to the terms "involved in," and "any of the incident(s)." Without waiving these objections, Wan lacks sufficient information with which to either admit or deny this request, and on that basis, denies the request.

Analysis:

Defendants' objection is sufficient. Plaintiff was not sufficiently specific in his request. Plaintiff contends that his accessible prison file contained all the information to appropriately respond to the request. Plaintiff however fails to specify what incidents he refers to, and what he means by "involved in." Plaintiff's Motion to Compel further response to Request for Admission No. 13 is denied.

**IV.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Compel, filed February 15, 2013, is granted in part and denied in part;
2. Plaintiff's motion is granted as to Request for Production No. 4, Set Five, and Request for Admission, No. 7, as stated herein;
3. Defendants are granted **thirty (30) days** from the date of service of this order by which to serve their responses;
4. Plaintiff's motion is denied as to Requests for Admission Nos. 4 and 13.
5.

IT IS SO ORDERED.

Dated:    **May 9, 2013**                              /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

7