# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>ALLISON, et al.,<br><br>  Defendants. | Case No. 1:11-cv-00293 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO FILE REDACTED DOCUMENTS AND FILE THE REFERENCE LIST UNDER SEAL<br><br>(Document 59) |

Plaintiff Ronald Martinez ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against (1) Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, Clark, Allison, R. Diaz, S. Sherman, and Does 1 through 10 for deliberate indifference in violation of the Eighth Amendment for deprivation of exercise; and (2) Defendants Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, A. Hernandez, Gomez, and Does 1 through 10 for violation of the Equal Protection Clause of the Fourteenth Amendment.

On July 1, 2013, Defendants filed a motion to allow them to file two redacted documents in support of their motion for summary judgment. Defendants also request that the Court allow them to file a reference list, which identifies each item of redacted information, under seal. The Court finds that no opposition is necessary and deems the matter suitable for decision.

1

**DISCUSSION**

Under Local Rule 140(b), parties are not permitted to file redacted documents "unless the Court has authorized the redaction." When redactions have been authorized, a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item of redacted information listed. The reference list must be filed under seal. Local Rule 140(c).

Although courts have recognized a general right to inspect and copy public records, including judicial document, the right is not absolute. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "The factors relevant to a determination of whether the strong presumption of access is overcome include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citation omitted). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id.

Plaintiff's allegations arise from a set of riots in June 2009 at the California Substance Abuse Treatment Facility ("SATF") and the resulting modified program. In the months that followed the riots, correctional staff conducted a massive investigation, seeking information into the causes of the riots and whether the potential for additional violence existed. Vasquez Decl. ¶ 3, July 1, 2013, ECF No. 59-1. In August 2010, Captain Vasquez prepared a memorandum for Warden Allison that itemized all significant events taken and learned by SATF correctional staff with respect to the modified program, from June 2009 until August 6, 2012. This memorandum contains approximately 151 entries. Vasquez Decl. ¶ 7. Captain Vasquez prepared an updated memorandum for Warden Allison in 2011 that itemized all significant events from August 6, 2010, to April 3, 2011. This second memorandum contains approximately 111 separate entries. Vasquez Decl. ¶ 8.

Defendants believe that these two memoranda are critical to defending against Plaintiff's Eight Amendment claims because they show the information upon which Warden Allison and her staff acted in making decisions concerning the modified program, and that no deliberate indifference

was involved.  Vasquez Decl. ¶ 9.  However, Defendants state that "a handful of entries" contain highly sensitive information that could endanger numerous California inmates and CDCR staff.  Vasquez Decl. ¶ 10.

Having considered Defendants' arguments and Captain Vasquez's Declaration, the Court finds that Defendants' motion to file the two memoranda in redacted form should be GRANTED.  The entries at issue identify inmates by name and CDCR number, reveal investigative techniques, reveal information learned from confidential informants, and/or contain inflammatory language that could, if revealed, increase tensions between rival prison gangs.  Vasquez Decl. ¶ 10.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants will be allowed to file the August 6, 2010, and the April 3, 2011, memoranda from F. Vasquez to K. Allison in redacted form; and

2. Defendants will be allowed to file a reference list that identifies each item of redacted information and that specifies an identifier that uniquely corresponds to each item of redacted information listed.  The reference list must be filed under seal.

IT IS SO ORDERED.

Dated:   **July 8, 2013**                                    /s/ Dennis L. Beck
                                                                       UNITED STATES MAGISTRATE JUDGE