# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>K. ALLISON, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00293 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 96] |

       Plaintiff Ronald F. Martinez ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 18, 2011. Plaintiff filed a First Amended Complaint ("FAC") on September 30, 2011. (ECF No. 9.) On February 13, 2012, the Court found cognizable claims against 1) Defendants Vasquez, T. Wan, C. Moreno, R. Tolsen, B. Peterson, Clark, Allison, R. Diaz, S. Sherman, and Does 1 through 10 for deliberate indifference in violation of the Eighth Amendment for deprivation of exercise and 2) Vasquez, Moreno, Tolsen, Peterson, Clark, Allison, Diaz, Sherman, A. Hernandez, Gomez, and Does 1 through 10 for violation of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 12.)

       On July 15, 2013, Defendants filed a Motion for Summary Judgment. (ECF No. 64.) On March 14, 2014, the Court issued a findings and recommendations recommending granting Defendants' motion, and thus concluding this action in its entirety. (ECF No. 87.) Plaintiff filed objections on April 29, 2014. (ECF No. 90.) On August 11, 2014, the undersigned adopted the

1

findings and recommendations in full and granted summary judgment for Defendants, thus concluding the action.

On August 27, 2014, Plaintiff filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Pursuant to Rule 59(e), the motion must be made within 28 days after entry of judgment. Since judgment was entered on August 11, 2014, the motion is timely. Defendants did not file an opposition. Therefore, the motion is deemed submitted pursuant to Local Rule 230(l).

**DISCUSSION**

Under Rule 59(e), a motion to alter or amend a judgment applies to "[a]ny motion to alter or amend a judgment" and is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Circuit City Stores, Inc. v. Manto, 417 F.3d 1060, 1064 n. 1 (9th Cir. 2005) (quoting Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

In this matter, Plaintiff has not demonstrated grounds for relief under Rule 59(e). Specifically, he has not pointed to any new controlling law or newly discovered evidence. Further, the Court does not find that entry of summary judgment was based on clear error or resulted in a manifest injustice. In the instant motion for reconsideration, plaintiff merely disputes the findings of the Court and presents arguments he offered earlier and which the Court rejected.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED and this action remains closed.

IT IS SO ORDERED.

Dated: **September 18, 2014**      /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE

2