UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MARTINEZ, | No. 1:11-cv-00293 LJO DLB PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |
| v. | (Document 107) |
| ALLISON, et al., | |
| Defendants. | |

Plaintiff Ronald Martinez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 11, 2014, the Court granted Defendants' motion for summary judgment and entered judgment. Plaintiff's appeal is now pending before the Ninth Circuit Court of Appeals.

On April 12, 2016, Defendants filed a motion to consolidate this action with two others pending before this Court- *Arline v. Clark*, et al., 1:11-cv-00420 LJO SAB, and *Lopez v. Allison*, et al., 1:13-cv-02010 LJO SAB. On June 20, 2016, Magistrate Judge Jennifer L. Thurston issued an order relating these two cases.

As to this action, the Court denied Defendants' motion to consolidate without prejudice on April 19, 2016, finding that it lacked jurisdiction to do so given the pending appeal.

///

1

On April 21, 2016, Defendants filed a motion for reconsideration of the ruling. Plaintiff opposed the motion on May 5, 2016. Defendants did not file a reply and the motion is deemed submitted pursuant to Local Rule 230(l).

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

Given that the other two actions have been related and this action is on appeal, there is no benefit to exercising jurisdiction in this action. Defendants may move to consolidate/relate if and when this action is remanded.

Accordingly, Defendants' motion is DENIED.

IT IS SO ORDERED.

Dated:  **July 5, 2016**                            /s/ Lawrence J. O'Neill
                                                    UNITED STATES CHIEF DISTRICT JUDGE